MAS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, )<br><br>Plaintiff, )<br><br>v. )<br><br>AC PALLETS LLC, an Illinois limited liability company, CESAR MALVAEZ MUNOZ and ALEJANDRO MALVAEZ MUNOZ, individually )<br><br>Defendants. ) | Civil action no.: 18-cv-03953 |

## CONSENT JUDGMENT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, having filed his complaint and Defendants, **AC PALLETS LLC**, an Illinois limited liability company, **CESAR MALVAEZ MUNOZ**, an individual, and **ALEJANDRO MALVAEZ MUNOZ**, an individual, (collectively "Defendants"), having appeared by counsel, acknowledge receipt of the complaint herein and waive service thereof, and having been duly advised in the premises, agree to the entry of this judgment without contest.

**NOW**, therefore, upon motion of attorneys for Plaintiff and Defendants, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*, (hereinafter "the Act"), as follows.

**DEFENDANTS** admit that Defendant **AC PALLETS LLC** is an enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1)(A) of the Fair Labor Standards Act. The court finds, based on this admission, that **AC PALLETS LLC** is responsible for the provisions set forth in this Consent Judgment.

**DEFENDANTS** admit that Defendants **CESAR MALVAEZ MUNOZ** and **ALEJANDRO MALVAEZ MUNOZ**, individually, acted directly or indirectly in the interest of the corporate Defendant **AC PALLETS LLC** and thereby are each considered to be an "employer" under section 3(d) of the Act. The court finds, based on this admission, that **CESAR MALVAEZ MUNOZ** and **ALEJANDRO MALVAEZ MUNOZ** are employers and are individually responsible for the provisions set forth in this Consent Judgment.

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a)     Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which they are employed.

(b)     Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

(c)     Defendants shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any

rights under the Act, including employee complaints regarding compliance with the Act made to Defendants or any enforcement agency responsible for enforcing the Act.

II

In accordance with Plea Agreement entered into in the case of *People of the State of Illinois v. Cesar Malvaez Munoz and Alejandro Malvaez Munoz*, 17 CR 4675, Defendants hereby acknowledge their conduct set forth in the indictment in said matter violated the anti-retaliation provisions of section 15(a)(3) of the Act. 29 U.S.C. § 215(a)(3). Defendants have paid restitution in the amounts of $6,260 and $6,140 to be distributed to Lorenzo Hernandez and Francisco Garcia Ruiz by the Wage and Hour Division of the United States Department of Labor in accordance with the terms of the Plea Agreement.

III

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future under the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to any employee; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the Act.

IV

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding

to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act of 1980, as Amended (28 U.S.C. § 2412 *et seq.*).

**SO ORDERED.**

Dated this \_\_\_11th\_\_\_ day of \_\_\_April\_\_\_, 2018.

_____
United States District Court Judge

| | |
|---|---|
| **AC PALLETS LLC** | **KATE S. O'SCANNLIAN**<br>Solicitor of Labor |
| By:_____ | **CHRISTINE Z. HERI**<br>Regional Solicitor |
| *[signature]*<br>**CESAR MALVAEZ MUNOZ** | **MARGARET A. SEWELL**<br>Attorneys for the Plaintiff |
| *[signature]*<br>**ALEJANDRO MALVAEZ MUNOZ** | Office of the Solicitor<br>U.S. Department of Labor<br>230 S. Dearborn St., Rm. 844<br>Chicago, Illinois 60604<br>Tel. no.: (312) 353-3481<br>sewell.margaret@dol.gov |

**COUNSEL FOR DEFENDANTS**
*[signature]*
**NICHOLAS GIORDANO**

1111 S. Prospect Avenue
Park Ridge, IL 60068
847-825-8855

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> AC PALLETS LLC, an Illinois limited liability company, CESAR MALVAEZ MUNOZ and ALEJANDRO MALVAEZ MUNOZ, individually <br><br> Defendants. | Civil action no.: |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **AC PALLETS LLC**, an Illinois limited liability company, **CESAR MALVAEZ MUNOZ**, an individual and **ALJEANDRO MALVAEZ MUNOZ**, an individual, (collectively "Defendants"), from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the Act"), pursuant to section 17 of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and 28 U.S.C. § 1345.

**II**

(A)  Defendant, **AC PALLETS LLC**, is and, at all times hereinafter mentioned, was an Illinois limited liability corporation with an office and a place of business at 4122 W. Odgen

Avenue, Chicago, Illinois, 60623, in Cook County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in manufacturing and selling pallets.

(B) Defendant, **CESAR MALVAEZ MUNOZ**, an individual, was engaged in business at 4122 W. Ogden Avenue, Chicago, Illinois, 60623, in Cook County, within the jurisdiction of this court. Defendant **CESAR MALVAEZ MUNOZ** has a 50% ownership interest in **AC PALLETS LLC** and acted directly or indirectly in the interest of **AC PALLETS LLC** in that he actively supervised the day-to-day operations and management of **AC PALLETS LLC** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

(C) Defendant, **ALEJANDRO MALVAEZ MUNOZ**, an individual, was engaged in business at 4122 W. Ogden Avenue, Chicago, Illinois 60623, in Cook County, within the jurisdiction of this court. Defendant **ALEJANDRO MALVAEZ MUNOZ** has a 50% ownership interest in **AC PALLETS LLC** and acted directly or indirectly in the interest of **AC PALLETS LLC** in that he actively supervised the day-to-day operations and management of **AC PALLETS LLC** in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

### III

Defendant, **AC PALLETS LLC,** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

### IV

Defendant, **AC PALLETS LLC,** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume sales made or business done of not less than $500,000.

## V

From January 1, 2015 through July 2, 2016, Defendants violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees, who in workweeks were employed in an enterprise engaged in commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

## VI

From January 1, 2015 through July 2, 2016, Defendants, employers subject to the provisions of the Act, violated the provisions of sections 11 and 15(a)(5) of the Act in that that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

## VII

(a) Defendants, persons subject to the section 15(a)(3) provisions of the Act, willfully violated said provisions in that on or about September 22, 2016, Defendants entered into an agreement with the Wage and Hour Division, United States Department of Labor, whereby they

agreed to pay two employees, Lorenzo Hernandez and Francisco Garcia Ruiz, back wages in the amount of $6,500 each as a result of their failure to pay one and one half the regular rate of pay for all hours worked over 40 hours in a workweek in violation of Section 7 and Section 15(a)(2) of the Act as described in Paragraph V. 29 U.S.C. §§ 207, 215(a)(2), 215(a)(3). Defendants also failed to properly keep records of the start and stop times for non-exempt employees pursuant to Section 11(c) and 15(a)(5) of the Act as described in Paragraph VI. 29 U.S.C. §§ 211(c), 215(a)(5). Defendants agreed to comply with the Act. The agreement covered the time period of January 1, 2015 through July 2, 2016.

(b) Defendants informed Lorenzo Hernandez and Francisco Garcia Ruiz that they needed their assistance in cashing checks which were issued to the two employees for back wages pursuant to the agreement with the Wage and Hour Division. From September 22, 2016 through March 16, 2017, Lorenzo Hernandez and Francisco Garcia Ruiz were transported to a bank and instructed to sign the checks. However, the cash received for the checks was handed over to the Defendants with only a nominal amount provided to the employees. Although the employees were owed $6,500 each, they only collectively received $600.00 total from Defendants. Defendants further represented to the Wage and Hour Division that payment to the employees had been made in full by presenting as proof of payment copies of the cashed checks.

(c) Defendants retaliated against the Lorenzo Hernandez and Francisco Garcia Ruiz in violation of Section 15(a)(3) when it executed this scheme and required the employees to return money to the Defendants which was rightfully owed to them as back wages.

(d) As a result of the conduct set forth above, Defendants **CESAR MALVAEZ MUNOZ** and **ALEJANDRO MALVAEZ MUNOZ** were indicted in the Circuit Court of Cook County Illinois, *People of the State of Illinois v. Cesar Malvaez Munoz and Alejandro Malvaez*

*Munoz*, Case No. 17 CR 14675. Defendants **CESAR MALVAEZ MUNOZ** and **ALEJANDRO MALVAEZ MUNOZ** entered a Plea Agreement on February 23, 2018, wherein they acknowledged their conduct constituted a violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3). Defendants **CESAR MALVAEZ MUNOZ** and **ALEJANDRO MALVAEZ MUNOZ** have further paid $6,260 and $6,140 in restitution to the Wage and Hour Division of the United States Department of Labor, to be distributed to the two employees.

## VIII

Defendants have repeatedly and willfully violated the provisions of the Act as set forth above. A judgment which enjoins and restrains such violations is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. ADDRESS:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone No.: 312/353-3481
E-mail: sewell.margaret@dol.gov

s/ Margaret A. Sewell
**MARGARET A. SEWELL**
Senior Trial Attorney

Attorneys for
**R. ALEXANDER ACOSTA**,
Secretary of Labor, United States
Department of Labor, Plaintiff

5